UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER BULLARD, )
)
Plaintiff, )
) Civil Action No. 10 1666
v. )
)
U.S. PATENT AND TRADEMARK )
OFFICE, et al., )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's application to proceed *in forma* pauperis and *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff, who currently is incarcerated in a North Carolina correctional facility, alleges that he has filed with the United States Patent and Trademark Office ("USPTO") an application for a patent and, notwithstanding prior payment of fees associated with the application, the USPTO has issued him a notice that he must pay additional fees totalling $380. Plaintiff asserts a protected liberty interest in a patent. The USPTO deprives him of this interest, he argues, by refusing to consider his application because he is an indigent prisoner who lacks the resources to pay the requisite fees. The Court concludes that plaintiff's complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

A patent application "must be accompanied by the fee required by law." 35 U.S.C. § 111(a)(3). In essence, plaintiff asks the Court "to order the Commissioner to proceed with the examination of his application, even though he has not paid the fee prescribed by Congress and although Congress has accorded no authority to the Commissioner to waive the prescribed

payment." *Boyden v. Comm'r of Patents*, 441 F.2d 1041, 1044 (D.C. Cir.), *cert. denied*, 404 U.S. 842 (1971). "No person has a vested right to a patent . . . but is privileged to seek the protected monopoly only upon compliance with the conditions which Congress has imposed. That rule applies to the payment of fees required for the administration of the patent laws[.]" *Id.* at 1043 (internal citation omitted). Plaintiff's ability to proceed *in forma pauperis* in federal court pursuant to 28 U.S.C. § 1915 has no bearing on fees associated with a patent application, and his indigence poses "no constitutional deprivation, no arbitrariness on the part of the Commissioner, and no predicate for [his] claims," *Boyden*, 441 F.2d at 1044.

An Order accompanies this Memorandum Opinion.

/s/ Ricardo M. Urbina
United States District Judge

DATE: 09/28/10